SANTIAGO COLÓN-SUÁREZ, Plaintiff and Appellee, *v.* PEDRO PABLO GIORGI, Defendant and Appellant.

No. 4399.    Argued May 9, 1928.—Decided June 11, 1928.

*Felipe Colón Díaz* for the appellant.    *Pérez Marchand & Suliveres* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Santiago Colón Suárez brought an action against Pedro Pablo Giorgi in the Municipal Court of Ponce to recover $310 and judgment was rendered in his favor. The defendant appealed to the district court which after a trial *de novo* also rendered judgment for the plaintiff. Under execution a house and lot belonging to the defendant were sold by auction.

At this stage defendant Giorgi made a motion in the municipal court alleging that the house and lot were worth $736 and were occupied by him as a homestead, wherefore he prayed that the homestead right therein, fixed by law at $500, be acknowledged. Plaintiff Colón, who was also the purchaser, opposed the motion and the municipal court dismissed the claim. The claimant appealed to the district court where the same conclusion was reached as in the municipal court. And now he appeals to this Supreme Court.

The district court made the following findings:

"It appears from the evidence examined in the present case that the lot and house in question were sold by defendant Giorgi to plaintiff Colón Suárez, with an option to repurchase, by a deed executed before notary M. Alberto Salicrup on March 12, 1921; that at the time of making this contract the house which is now on the lot was situated on a lot of José Romaguera, 106 Peligro street, fifth ward of this city; that this house was subsequently transferred by the defendant to the lot sold in the ward of Machuelo Abajo, Ponce; that at the time of making the said contract of sale with an option to repurchase defendant Giorgi was living in a house in the ward of Canas, Ponce.

"On May 12, 1921, at the time of making the contract of sale with an option to repurchase, which should be considered as a mortgage contract according to the Act of April 13, 1916, the claimant was living in the ward of Canas and had not established his home on the property in which he seeks to have his homestead acknowledged. Nor did the house, which was afterwards moved to the lot by Giorgi and where at present he lives with his family, form a part of the property."

It is alleged by the appellant that the evidence was erroneously weighed. We have examined it and believe that it supports the conclusion of the trial court. Furthermore, we believe that notwithstanding the difference in the dates of the documents presented, the evidence establishes also the truth of what was said by plaintiff Colón in testifying as a witness, *i. e.*, that the money lent in 1921 to defendant-appellant Giorgi was for the purpose of buying the house which Giorgi moved later to the lot which he had previously acquired, solely in order to make it appear as selling with an option to repurchase—a mortgage in fact—the house and lot, the house having to be bought first. The confusion is due to the censurable custom of making loans appear as sales contracts, a vice which was sought to be corrected and has been to a great extent corrected by Act No. 47 of 1916, Acts of 1916, page 100.

When the facts have been established it is easy to apply the law.

In accordance with the law and the jurisprudence the right of homestead can be claimed only when it has been established prior to the lien imposed by its owner.

"That every householder, having a family shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence . . ." is provided by the Porto Rican statute governing the matter (Comp. 1911, p. 213), and the jurisprudence is as follows:

"Where occupancy is required before the homestead privilege attaches if the premises are not actually resided upon at the time of levy they cannot be claimed as exempt; and obviously the general rule above stated will apply where it is sought to claim the exemption as against judgments, mortgages, other liens, or even general claims, existing prior to occupancy of the premises for homestead purposes." 29 C. J. 861.

"As a geenral rule exemption laws must be construed with reference to the condition of things existing at the date of the seizure, or at the time the lien of the process attached; and if the right does not exist at this time, it cannot be created by any subsequent act of the debtor. And so where the property is not impressed with the homestead character at the time when the lien attaches, the fact that it became so afterward cannot deprive the lien claimant of his lien." 13 R.C.L. 601.

The case of *Dávila* v. *Sotomayor*, 35 P.R.R. 726, invoked by the appellant is not contrary to the foregoing doctrine. In that case the spouses Sotomayor-Pizarro, had had their right of homestead in the property in question for about thirty years and created a lien on it later, Dávila knowing that they lived on it with their children.

But even if there were any doubt about this, the judgment rendered would be sustained. It is evident that Giorgi had not established his right of homestead in the lot. He began to live on it with his family when he moved his house to it and the evidence shows that the money lent by Colón to Giorgi was used by the latter in purchasing the house, and

it is expressly provided by law that the exemption will not apply, as regards the property, to "a debt or liability incurred for the purchase of the same." Sec. 4 of the Act, Comp. 1911, p. 214. See *Arroyo* v. *District Court, ante,* page 9.

By virtue of the foregoing the appeal must be dismissed and the judgment appealed from affirmed.